UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAUREEN P. RICHTER and SCOTT FREEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DES MOINES,<br><br>Defendant. | CASE NO. C10-461MJP<br><br>ORDER GRANTING IN PART AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES |

This matter comes before the Court on Plaintiffs' motion for partial summary judgment on Defendant's affirmative defenses. (Dkt. No. 55.) Having reviewed the motion, the opposition (Dkt. No. 64), the reply (Dkt. No. 78), Defendant's update (Dkt. No. 87), the Court GRANTS in part and DENIES in part the motion.

**Analysis**

Plaintiffs seek dismissal of all of Defendant's affirmative defenses, contending they are legally and factually untenable. Defendant maintains that only eight of its affirmative defenses are relevant to the sole claim that survived dismissal on summary judgment. The Court has

ORDER GRANTING IN PART AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES- 1

reviewed these purported defenses and finds that many are inapplicable to the sole claim left in this case. While Defendant has asked the Court to strike the motion as improperly filed, the Court addresses the motion on its merits and declines to strike it. The Court does not find this to be a successive motion, nor is it an improperly filed motion to strike.

A. <u>Standard</u>

Summary judgment is not warranted if a material issue of fact exists for trial. <u>Warren v. City of Carlsbad</u>, 58 F.3d 439, 441 (9th Cir. 1995), <u>cert.</u> <u>denied</u>, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 159 (1970). If the moving party makes this showing, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. <u>Id.</u> at 324.

B. <u>Affirmative Defense 3: Failure to Mitigate Damages</u>

The Court is not persuaded that Defendant has failed to support its "failure to mitigate" affirmative defense. As an initial matter, the duty to mitigate applies in the context of breach of contract claims. <u>See</u> <u>Walker v. Transamerica Title Ins. Co., Inc.</u>, 65 Wn. App. 399, 405 n.6 (1992). Defendant has pointed to disputed facts tending to show that Plaintiffs may have delayed

ORDER GRANTING IN PART AND DENYING
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON AFFIRMATIVE
DEFENSES- 2

the processing of their applications. This is relevant to a claim that Plaintiffs failed to mitigate the damages from the purported breach of the 2007 Settlement Agreement. This issue must be resolved at trial and the Court DENIES summary judgment on the affirmative defense.

C. <u>Affirmative Defense 6: Laches and Delay</u>

Plaintiffs seek dismissal of this affirmative defense on the theory that it is not applicable to their breach of contract claim. "Laches is an implied waiver arising from knowledge of existing conditions and acquiescence in them." <u>Buell v. City of Bremerton</u>, 80 Wn.2d 518, 522 (1972). "Laches bars a cause of action where there is: (1) knowledge by plaintiffs of the facts constituting their cause of action or a reasonable opportunity to discover such facts; (2) unreasonable delay in commencing the action; and (3) damages to the defendant resulting from the delay." <u>Neighbors & Friends of Viretta Park v. Miller</u>, 87 Wn. Appl. 361, 373-74 (1997).

This affirmative defense must be dismissed. Defendant's theory of laches in this case is not in line with the doctrine. Defendant argues that Plaintiffs' unreasonable delay in seeking permits satisfies the defense of laches, as it was an inexcusably long and prejudicial delay. The defense of laches focuses on the delay in seeking relief from the court—that is, filing the complaint. Here, Defendant has not presented any argument that Plaintiffs' failed to file the lawsuit in a timely manner seeking relief for the breach of contract. Rather, Defendant targets Plaintiffs' purported delay in seeking the additional permits, which goes instead to the question of whether Plaintiffs either breached the contract or failed to mitigate damages. This is not a proper basis for the affirmative defense of laches, which, like the statute of limitations, looks at delay in seeking relief from the court. This is not to say that Defendant cannot present evidence of delay, but it is not sufficient to sustain a defense of laches. The Court does not find any

ORDER GRANTING IN PART AND DENYING
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ON AFFIRMATIVE
DEFENSES- 3

reason to permit the affirmative defense and GRANTS summary judgment on this affirmative defense.

D. <u>Affirmative Defense 8: Comparative Negligence/Comparative Fault</u>

Plaintiffs correctly contend that comparative fault or comparative negligence are affirmative defense to claims of negligence and not breach of contract. Defendant has nowhere explained how this affirmative defense applies to bar a breach of contract claim. The cases and statute cited apply only to negligence claims. For example, RCW 4.22.005 makes clear that the statute applies only to actions where the plaintiff seeks "to recover damages for injury or death to person or harm to property." The Court agrees that this affirmative defense is not properly asserted against a breach of contract claim. The Court therefore GRANTS summary judgment and DISMISSES this affirmative defense.

E. <u>Affirmative Defense 13: Third-Party Liability</u>

Plaintiffs correctly contend that this affirmative defense is not technically a proper affirmative defense. Defendant here asserts that the delay Plaintiffs experienced was caused by their attorney and engineering firm, not Defendant. The cases Defendant relies on do not stand for the proposition that "third-party liability" is an relevant affirmative defense. The cases dealt with claims against third-party defendants and the question of impleader, not affirmative defenses. See <u>Tiesler v. Martin Paint Stores, Inc.</u>, 76 F.R.D. 640, 642-43 (D.C. Pa. 1977). Here, Defendant's theory is that Plaintiffs' engineering firm or prior lawyer caused delay that either mitigates or excuses Defendant's liability for the purported breach of contract. Defendant does not contend that either breached the contract, nor could it. Neither the lawyer nor the engineer firm was a signatory to the contract. The Court agrees with Plaintiffs that there is no formal affirmative defense of "third-party liability." On the other hand, the Court agrees with

Defendant that it may pursue at trial the theory that Plaintiff's own agents may have caused some of the delay of which they complain, as this goes to the question of damages and whether there was a breach of contract at all. Thus, while the Court GRANTS the motion and dismisses a formal affirmative defense of "third-party liability," it permits Defendant to pursue its theory that others caused the delay Plaintiffs contends constitute damages or the basis of the breach of contract.

F. <u>Affirmative Defense 14: Assumption of Risk</u>

Plaintiffs again properly point out that this affirmative defense is not relevant to the breach of contract claim. Defendant has not pointed to any contractual provision in which Plaintiffs expressly assumed any risk. Additionally, the theory of implied assumption of risk has no bearing on a breach of contract claim, and Defendant has cited no case law applying it to a breach of contract claim. (<u>See</u> Dkt. No. 64 at 17 (citing a case involving negligence claims, not a breach of contract claim).) The Court therefore GRANTS the motion and dismisses this affirmative defense.

G. <u>Affirmative Defenses 16 and 17: Law of the Case Doctrine and Res Judicata/Collateral Estoppel</u>

The Court agrees with Plaintiffs that the law of the case has no bearing on the breach of contract issue. No court has passed judgment on whether Defendant has breached the 2007 settlement agreement. While the hearing examiner's conclusions may be relevant to the litigation, they are not dispositive of the breach of contract claim.

Similarly, Defendant has not supported its res judicata defense. No court has passed judgment on Plaintiffs' breach of contract claim. The defense cannot be maintained. The Court GRANTS the motion as to these two affirmative defenses.

H.     Affirmative Defense 19: Release and Waiver

Defendant maintains that Plaintiffs' breach of contract claim was waived by the 2010 settlement agreement. The Court has already considered and rejected that argument. (Dkt. No. 84.) The Court GRANTS summary judgment and dismisses this affirmative defense.

**Conclusion**

Plaintiffs have pointed out several affirmative defenses that are either improperly framed or asserted. Only one of the affirmative defenses is relevant to the breach of contract claim—the failure to mitigate. This is not to suggest Defendant is without defenses. As the Court has pointed out, many of the facts presented as support for the affirmative defenses are relevant to the issues at trial. Thus, while some of the affirmative defenses are not properly pursued as a formal matter, Defendant is not without potential defenses. The Court GRANTS in part and DENIES in part the motion for summary judgment on Defendant's affirmative defenses.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 2nd day of April, 2012.

Marsha J. Pechman
United States District Judge